

**FILED**

JUN 0 6 2024

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## UNITED STATES DISTRICT COURT

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

for the

Northern District of Oklahoma

Tulsa Division

Case No.  **24 CV - 2 6 7 GKF - SH**

*(to be filled in by the Clerk's Office)*

| | |
|---|---|
| Ⓥ  Thomas Adkins<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>**-v-**<br>Ⓥ  Tulsa Community College (TCC)<br>Address: 909 S. Boston Ave, Tulsa, OK 74119<br>Ⓩ  Heather Hancock, Title IX Coordinator, TCC<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

*fees paid*
*∅ summons*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Thomas Adkins | | |
| Address | 2602 E. 10th St, #22 | | |
| | Tulsa | OK | 74104 |
| | *City* | *State* | *Zip Code* |
| County | Tulsa | | |
| Telephone Number | 918.730.1614 | | |
| E-Mail Address | thomasadkins64@hotmail.com | | |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Heather Hancock | | |
| Job or Title *(if known)* | Title IX Coordinator, Tulsa Community College | | |
| Address | 909 South Boston Avenue | | |
| | Tulsa | OK | 74119 |
| | *City* | *State* | *Zip Code* |
| County | Tulsa | | |
| Telephone Number | (918) 595-7000 | | |
| E-Mail Address *(if known)* | heather.hancock@tulsacc.edu | | |

☐ Individual capacity     ☒ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | Jeff Owens | | |
| Job or Title *(if known)* | Title IX Investigator | | |
| Address | 909 South Boston Avenue | | |
| | Tulsa | OK | 74119 |
| | *City* | *State* | *Zip Code* |
| County | Tulsa | | |
| Telephone Number | (918) 595-7000 | | |
| E-Mail Address *(if known)* | jeff.owens@tulsacc.edu | | |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

☐ Individual capacity    ☒ Official capacity

Defendant No. 3

Name

Job or Title *(if known)*

Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

County

Telephone Number

E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

County

Telephone Number

E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff claims violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), which prohibits employment discrimination based on race, color, religion, sex, and national origin.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

n/a

_____

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

n/a

_____

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Plaintiff is a former employee of the Tulsa Community College, who worked at the Math and Science lab as a tutor until he was fired on August 14, 2023. The pretext given for termination is that the plaintiff logged into his computer, in violation of a Title IX No-Contact order assigned with respect to complainant, Ivana Cvetkovic (who is not listed as a defendant). Plaintiff's login records were used to show that he logged into his computer before 2:15 PM, and therefore violated specific terms of the no-contact order.

Plaintiff claims that the original No-Contact order only mentions contact between the two parties being in the same room, and did not specify any time requirements.

The plaintiff claims that the Title IX section of TCC effectively became weaponized against him, and that at every turn, mitigating or exonerating evidence was ignored in his behalf.

The plaintiff brought his concerns of unfair treatment by the Title IX personnel to his direct supervisor, John Story, Esquire, who then discussed these with Heather Hancock, himself. When Heather Hancock was informed that the plaintiff considered suicide over the Christmas break due to the call he got from her office, she responded that she was "not concerned about that", that she "didn't care", and that "all perpetrators get emotional". This clear and obvious contempt for the plaintiff became the basis for an ethics complaint against Heather Hancock.

According to 2023 Title IX policy, "Any individual materially involved in the administration of the resolution process, including the Title IX Coordinator, … may neither have nor demonstrate a conflict of interest or bias for a party generally or for a specific Complainant or Respondent." However, Heather Hancock did not recuse herself from engaging further in the Title IX investigation with respect to the plaintiff.

Instead of recusing herself, the defendant Heather Hancock enacted a pattern of retaliation by repeatedly changing the no-contact order to become more restrictive, and then recommended that the employee be fired for violating one of the later restrictions. During the hearing to determine the plaintiff's outcome, the defendant Heather Hancock took numerous steps to ensure the outcome she favored, which was termination.

The plaintiff appealed his termination, but Heather Hancock again participated heavily, ensuring that the process could not be fair.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

On 2023/04/04, the plaintiff filed an ethics complaint against Heather Hancock, but she did not recuse herself from further material interaction and proceeded to use her position to get the plaintiff fired.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

The plaintiff got the first phone call from a Title IX investigator, Jeff Owens, on 2023/12/19. The plaintiff was treated as if he had done something wrong, from the very start. For example, the original phone call from Jeff Owens mentioned that "allegations" had been made about the plaintiff. However, Jeff Owens would not tell the plaintiff anything about the allegations, or why a No-Contact order had come into place.

However, the mere existence of a Title IX investigation was enough to keep the plaintiff from being promoted. (Cassey Steele, one of the plaintiff's supervisors, admitted this in an emailed writing.) The plaintiff points out that keeping an investigation open for the sole purpose of delaying the exoneration of an accused individual seems unfair and an infringement of his own civil rights.

This pattern of siding with the complainant at every turn, and siding against the plaintiff is made obvious by Heather Hancock's reaction upon learning that the plaintiff considered suicide over the Christmas break. She said "perpetrators always get upset"! Heather Hancock had already decided the plaintiff was a "perp" and deserved whatever he got.

Heather Hancock's comments became the basis for an ethics complaint against her. In retaliation, Heather Hancock used the brunt force of her position as Title IX coordinator to railroad the plaintiff out of a job. First, she made a series of confusing and often contradicting changes to the No-Contact order. The worst of contradictions were those she made herself, verbally, in contrast to what was written and provided by her office.

In particular, it did not matter that the plaintiff conscientiously avoided the complainant. All the mattered was that when the plaintiff logged into his workplace, it was before a time on one of the No-Contact orders. This became the pretext to fire the plaintiff.

Of course, Title IX policy also dictates that "Any individual materially involved in the administration of the resolution process, including the Title IX Coordinator, … may neither have nor demonstrate a conflict of interest or bias for a party generally or for a specific Complainant or Respondent." By this policy, Heather Hancock should have recused herself so as to avoid the appearance that she was retaliating, except this would not allow the retaliation Heather Hancock wanted.

In order to ensure that the plaintiff would be fired, Heather Hancock first made sure to interview and select the members of the committee that would decide his fate. Then, she ensured that the committee would have a limited time and many pages of typewritten and detailed documentation in front of them. Lastly, she made sure that she was available to answer their questions. She did not even try to hide that she did all of this, admitting it in company emails.

The plaintiff asserts that there can be no doubt that Heather Hancock influenced the committee in her favor, as their decision reflected her own choice of words to describe the actions of the plaintiff.

The plaintiff finally asserts that no matter what challenges he makes in appealing an unjust verdict, none of that matters if Heather Hancock personally instructs the committee making on how they should vote.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

The plaintiff reports that he lost the difference in wages from when his name was removed from consideration after the Confidential Title IX investigation was no longer confidential.

The plaintiff reports lost wages since he lost his job at TCC and lost wages.

## V.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The plaintiff requests that the difference in wages he would have made if not held back from promotion owing to having a Title IX Investigation against him be restored.

The plaintiff requests the lost wages and lost legal fees since he was unfairly fired.

The plaintiff requests that his job be restored.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          2024/06/06

Signature of Plaintiff

Printed Name of Plaintiff     Thomas Adkins

B.    **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address